GREAUD v. GULF OIL CORPORATION.
THE PUEBLO.

No. 12638.

United States Court of Appeals
Fifth Circuit.

May 19, 1949.
Rehearing Denied June 21, 1949.

---

Edwin H. Grace, New Orleans, La., for appellant.

Benjamin W. Yancey, New Orleans, La., for appellee.

Before HUTCHESON, SIBLEY, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

This appeal in admiralty involves the liability of the tanker, "Pueblo", because of the ramming and sinking of the fishing craft, "Arizona". The action involves no damages for personal injuries or loss of life but only for the loss of the vessel, cargo, tackle, and equipment. The collision occurred on a clear, dark night in the Gulf of Mexico when both vessels were "blacked out" pursuant to wartime regulations. The "Pueblo", en route from Tampa, Florida, to Houston, Texas, was running full speed (11 knots) with lookout posted in accordance with the rules of the sea. The "Arizona" was lying at anchor along with others in the general vicinity of a buoy about twelve miles off shore with all members of the crew asleep and with no lights or lookout.[1]

The lookout on the "Pueblo", sighting the "Arizona" from a distance of about 1000 yards, notified the watch officer that an object was ahead. However, he was unable to ascertain its identity. Immediately the watch officer searched vainly for the object. About forty seconds later the lookout advised the bridge, "Hard left,"—that they were going to hit the object. This change of course was carried out but not in time to avoid ramming and sinking the "Arizona".

The "Pueblo" turned and returned to the scene of the accident, firing flares in an endeavor to pick up survivors. This rescue attempt was in accordance with the rules of the sea and in peril of enemy submarines that at times had infested the area. After cruising around in the vicinity from thirty to forty-five minutes, the "Pueblo" was unable to find survivors and without lowering a lifeboat proceeded to its destination. There is evidence that had the "Arizona" posted a watch a large ship like the "Pueblo" could have been sighted approximately a mile away, but that because of the smallness of the fishing craft it could not be sighted from the "Pueblo" beyond a distance of approximately 1000 yards.

Much is said about the location of the "Arizona". We think that it was considerably outside the place designated by the Coast Guard for anchorage and too near the path of coastwise traffic in the open sea. It is contended by the appellant that the anchorage was a customary one for fishing ships. In our opinion, and in the opinion of the trial Judge, this custom was not proven by the evidence but, on the contrary, it was shown that the "Arizona" was anchored outside the area designated by the Coast Guard.

The trial Judge found that the collision ensued from the gross negligence of the "Arizona" in not posting a lookout and that if such had been done the accident would probably not have happened. He found further that the "Pueblo" was guilty of no fault in the collision; that her speed was proper; that good seamanship was exercised after sighting the object which turned out to be the "Arizona", and that it did all possible in an effort to rescue survivors. It is true that due to the blackout regulations the "Arizona" was not required to post an anchorage light, but wartime conditions and regulations do not permit a ship, anchored at night near the line of ocean travel, to disregard all precautionary measures. In fact, a ship blacked out should take added precaution, and in the instant case the "Arizona" should have posted a lookout that could have signaled to the "Pueblo" its presence.

---

[1] As stated by the lower Court:

"Libelant's fishing boat, the Arizona, was anchored with several others in the general vicinity of Bell Buoy No. 6 at the entrance of Calcasieu Pass in the Gulf of Mexico popularly known as Sabine Approach Buoy No. 6. The exact place of anchorage is in dispute, but it was admittedly seven or eight miles outside the five fathom line, a line on the coast and Geodetic Survey chart, running approximately parallel to the coast and roughly indicating the five fathom area."

We think that the "Arizona" by its gross negligence precludes a recovery.

The other contentions of the appellant are without merit, and the judgment of the lower Court is correct and the same is hereby

Affirmed.